### GAUTHIER v. FONALLEDAS et al.

### No. 4661.

United States Court of Appeals
First Circuit.

May 22, 1953.

John Dubé, New York City, and E. L. Belen Trujillo, Rio Piedras, Puerto Rico (C. H. Julia, San Juan, Puerto Rico, on brief), for appellant.

Virgilio Brunet, Hato Rey, Puerto Rico (Luis Miranda Correa, Barrio Obrero, San Juan, Puerto Rico, on brief), for appellees.

Before MAGRUDER, Chief Judge, and MARIS and WOODBURY, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal by the plaintiff from an order of the United States District Court for the District of Puerto Rico dismissing her complaint in a civil action brought to establish her interest in and to secure sundry relief with respect to certain real property in Puerto Rico in the possession of the defendants. The plaintiff is a citizen of France and the defendants are citizens of the United States residing in Puerto Rico. Among other defenses to the action the defendants set up the special defenses that the plaintiff's rights had been extinguished by extraordinary prescription and that her suit was barred under sections 1857, 1858, 1859 and 1863 of the Civil Code of Puerto Rico. After answering interrogatories filed by the defendants the plaintiff requested the District Court to hear the issues raised by these defenses in advance of trial on the merits. Such a hearing was had following which the District Court found that the defendants had had possession of the tracts involved uninterruptedly as true owners for 38 years and held a title acquired by extraordinary prescription. The court accordingly dismissed the complaint. This appeal followed. From the complaint, the more definite statement of facts which was furnished by the plaintiff on motion of the defendants, and the answers by the plaintiff to the defendants' interrogatories the following facts appear:

The four properties involved in the action consist of agricultural land situated in Toa Baja, Vega Alto and Dorado, Puerto Rico. Many years ago they were owned by Juan Rijos Teduche and his wife Nicolasa Correa. Upon their deaths the properties descended to their children, the succession of Rijos Correa, consisting of Santiago, Eduardo, Juan, Belen, Encarnacion, Mariana and Rafaela Rijos Correa. Mariana Rijos Correa married Miguel Folgueras Bosch. At the deaths of the latter the succession of Folgueras Rijos came into existence, consisting of their children Carmen, Jose, Mariana, Rafaela, Encarnacion and Teresa Folgueras Rijos. Of these, Carmen died October 5, 1895, Teresa May 14, 1913, Jose October 23, 1916, Encarnacion January 15, 1920, Mariana February 20, 1927 and Rafaela, the last survivor, on June 23, 1927.

Santiago Rijos Correa died in 1869 and about 20 years later the succession of Rijos Correa and the succession of Folgueras Rijos were judicially declared his intestate heirs.

Carmen and Mariana Folgueras Rijos were mentally incompetent throughout their lives. Their brother, Jose, and, after his death in 1916, their sister, Rafaela,

were appointed as their tutors. At the time of her death Rafaela Folgueras Rijos was the sole and universal heir of her competent brother and sisters, Jose, Encarnacion and Teresa, and of her two incompetent sisters, Carmen and Mariana. By her will Rafaela Folgueras Rijos constituted the plaintiff, ιAntonia Gauthier y Borras, as her sole and universal heir.

The plaintiff asserts that the two incompetents, Carmen and Mariana Folgueras Rijos, as members of the succession of Folgueras Rijos, owned participations in the properties in controversy which passed to their surviving sister Rafaela and under her will to the plaintiff who seeks a judgment declaring (1) that plaintiff is the heir of the Folgueras Rijos brother and sisters; (2) that she is the owner of the shares in said properties held by the incompetents, Carmen and Mariana Folgueras Rijos and the shares which she inherited from the successors of Santiago Rijos Correa; (3) that a certain attachment and judicial sale of the shares of the said incompetents which took place in 1893 be declared void, and that she is entitled to receive from the defendants the sum of $210,000 representing the profits of the properties of which she has been deprived.

The defendants' special defenses are based upon the following additional facts which also appear from the complaint, the more definite statement of facts and the answers to the interrogatories. The defendants, Rosa, Geronimo, Jaime and Gerardo Fonalledas Cordova, are the children and heirs under an open will of Jaime Fonalledas Garriga who died on June 2, 1913. In 1891 the brother and sisters comprising the succession of Folgueras Rijos, with the exception of the two incompetents Carmen and Mariana, sold and conveyed to Jaime Fonalledas Garriga their participations in the properties involved in this suit. In the same year Jaime Fonalledas Garriga entered into a contract with those members of the succession of Rijos Correa, other than the Folgueras Rijos brother and sisters, who were co-owners of the properties in controversy under which, in consideration of a loan by him to them, he entered into possession of the remainder of the properties with the right of cultivating them and collecting his debt out of the fruits of the properties. The plaintiff asserts that under this contract or deed Jaime Fonalledas Garriga was converted into an administrator of the participations of the two incompetents, Carmen and Mariana Folgueras Rijos.

Back in 1885 Miguel Folgueras Bosch, the father of the Folgueras Rijos brother and sisters, acting for all of the succession of Rijos Correa as owners of the properties in controversy, had borrowed a sum of money from Jose Pons Bernard. In 1890 Jose Pons Bernard brought suit in Puerto Rico to collect this debt and to this end he attached the participations of all of the Folgueras Rijos brother and sisters in these properties. In 1891 the Folgueras Rijos brother and sisters paid off their shares of this debt but the incompetent sisters did not do so and in 1893 a judicial sale, pursuant to the previous attachment, was had of the participations of the two incompetents, Carmen and Mariana. At the judicial sale their participations in the properties were purchased by Jaime Fonalledas Garriga, who, as stated above, was in possession by virtue of the transactions which took place in 1891. The plaintiff asserts, and for the purposes of this proceeding it must be taken to be admitted, that neither the incompetents nor the attorney in fact for their tutor, who was then present in Puerto Rico, were notified and that the sale was carried through in bad faith and was in law null and void.

Although the plaintiff asserts that her decedent, Rafaela Folgueras Rijos, through her attorney in fact in Puerto Rico, requested the defendants on divers occasions in the years 1910 to 1927 to acknowledge the rights of the incompetents in the properties subject to this litigation and although it is alleged that she herself in 1928 requested the District Court to declare her hereditary rights in these properties, the complainant does not assert that the judicial sale of the interests of the incompetents to Jaime Fonalledas Garriga was ever set aside or declared void by any court. Moreover the plaintiff concedes that the properties in question have been pos-

sessed by the defendants ever since the death of their father in 1913 and that "they have been receiving for themselves the yield and fruits of said properties and from that time they have been enjoying the use and enjoyment of the same as if they were their true owners."

On the basis of these facts the defendants asserted by way of special defenses that they have acquired title to the properties by extraordinary prescription under Section 1859 of the Civil Code of Puerto Rico, and that the present action against them is prescribed by Section 1863 of the Code. We think that the District Court was right in upholding these special defenses and that its order dismissing the complaint should accordingly be affirmed.

Extraordinary prescription is provided for by Section 1859 of the Civil Code of Puerto Rico, as follows:

"Section 1859.—Ownership and other property rights in real property shall also prescribe by uninterrupted possession of the same for thirty years without the necessity of title nor good faith and without distinction between present and absent persons, with the exception mentioned in section 475, second article, Chapter I, Title VII, Second Book, of this Code."

The provisions of Section 1859 are to be contrasted with those of Section 1857 relating to ordinary prescription, which section states that:

"Ownership and other property rights in real property shall prescribe by possession for ten years as to persons present, and for twenty years with regard to those absent, with good faith and with a proper title."

It will be seen that the elements of good faith and a proper title, necessary under Section 1857 for ordinary prescription, are not required under Section 1859 for extraordinary prescription after 30 years uninterrupted possession. It is true that in either case the possession required is a civil possession, that is, the holding or enjoy-ment of the property with the intention or purpose of holding it as one's own and in the capacity of owner.[1] Likewise in either case the possession must be public, peaceful and uninterrupted.[2] The facts are not here disputed that the defendants and their ancestor have been in possession of the properties for more than 60 years, that the defendants at the time the action was begun had been in possession for 38 years, and that their possession has been public, peaceful and uninterrupted.

The plaintiff, however, asserts that the possession of the defendants' ancestor, Jaime Fonalledas Garriga, and consequently the defendants' own possession, was not such a civil possession in the capacity of owner as the law requires to support the title by acquisitive prescription which they claim. She bases this contention upon the proposition that the defendants' ancestor in 1891 "was converted into administrator of the participations of the incompetents", Carmen and Mariana Folgueras Rijos, so that his possession of their participations was in their names and not his own and that this made his possession one at sufferance rather than the civil possession which the code requires. The plaintiff then asserts that the possession acquired by the defendants from their ancestor was likewise at sufferance, since he could transmit to them no better possession than he himself had.

We need not determine, however, whether Jaime Fonalledas Garriga did become in 1891 administrator of the participations of the two incompetent sisters and thereby acquired possession of the properties with respect to their participations which was at sufferance and which did not amount to a civil possession. For it is clear that two years later in 1893 he acquired a title as owner to these participations through the deed which he received at the judicial sale of these participations to which we have referred. That title, even if we assume it to be invalid, was sufficient to change his former possession at sufferance, if such it

1. Civil Code of Puerto Rico, 1930 ed., Sections 360, 376. Manresa, Comentarios al Codigo Civil Espanol, 5th Rev.Ed., Vol. XII, pp. 903–908.

2. Civil Code of Puerto Rico, 1930 ed., Sections 1841, 1842.

was, to a civil possession in the capacity of owner without the defect of holding at sufferance. As Manresa points out, in commenting upon Section 430 of the Spanish Civil Code (which is identical with Section 360 of the Civil Code of Puerto Rico), "a person who occupies an object as his own in bad faith, a person who has a thing under the belief that it belongs to him by virtue of some title and even the thief who steals, are civil possessors pursuant to the Code, insofar as they have the thing or *right* with the intention of holding them as their own." [3]

It follows that the defendants acquired from their ancestor upon his death civil possession of the properties in question including the participations therein of the two incompetents. Having so held possession in the capacity of owners publicly, peacefully and uninterruptedly for 38 years prior to the institution of the present suit, they acquired under Section 1859 title to the participation of the incompetents, Carmen and Mariana Folgueras Rijos, by extraordinary prescription regardless of the validity of the title originally claimed by their ancestor or of his or their good faith in asserting it.

■ The plaintiff also asserts in her complaint that as heir of Rafaela Folgueras Rijos and through her of her brother and sisters she is entitled to the participation of Santiago Rijos Correa in the properties in question and that the defendants are depriving her of it. Although this contention was not pressed in argument in this court we consider it. It appears that the successions of Rijos Correa and Folgueras Rijos were judicially declared to be the heirs of Santiago Rijos Correa in or about the year 1889. It would follow that his participations had passed to the succession of Folgueras Rijos prior to the events of 1891 and 1893 which we have described and accordingly became a part of the participations which the competent members of that succession sold to the defendants' ancestor in 1891 and which it is claimed the latter acquired from the incompetent members of that succession through the judicial sale of 1893. What we have already said with respect to the plaintiff's claim to the participations of the incompetents, therefore, disposes of this claim also. Moreover, even if we should assume that the plaintiff as ultimate successor of Santiago Rijos Correa is a co-owner of the properties with the defendants her cause is not advanced. For the provisions of Section 1865 of the Civil Code that actions among co-owners for the division of the property held in common do not prescribe have no application where, as here, one or more co-owners have held possession in a manner openly adverse to the rights of the other coproprietors.[4]

■ The present action is a real action[5] and it is accordingly prescribed under Section 1863 of the Civil Code which provides that "Real actions with regard to real property prescribe after thirty years." Since the plaintiff and her ancestors had been deprived of possession of the property in suit for 58 years immediately prior to the time the action was brought the plaintiff's right to prosecute it has long since been lost by prescription.

The order of the District Court will be affirmed.

3. Manresa, Comentarios al Codigo Civil Espanol, 6th Rev.Ed., Vol. 4, p. 69, translation by Ignacio Rivera, Secretary of the Supreme Court of Puerto Rico.

4. Fernandez v. Patxot, 1906, 11 P.R.R. 540; Heirs of Rivera v. Manso, 1945, 64 P.R.R. 617; Rivera v. Heirs of Ramos, 1946, 65 P.R.R. 668.

5. Fernandez v. Patxot, 1906, 11 P.R.R. 540.